In the
United States Court of Appeals
For the Seventh Circuit

No. 98-2696

United States of America,

Plaintiff-Appellee,

v.

Harold Jackson,

Defendant-Appellant.

On Remand from the
Supreme Court of the United States

Submitted December 22, 2000--Decided January 10, 2001

Before Posner, Diane P. Wood, and Evans, Circuit Judges.

Per Curiam. In our opinion reported at 207 F.3d 910 (7th Cir. 2000), we affirmed the conviction of Jackson and his codefendants (who are not involved in the current proceeding) but remanded with instructions to the district court to resentence Jackson because the court had erred in applying a sentencing guideline to his role in the overall offense. Before he could be resentenced, the Supreme Court granted his petition for certiorari, vacated our decision, and remanded the case to us (121 S. Ct. 376 (2000)) for reconsideration in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Decided after our decision, Apprendi holds that any fact other than the fact of a prior conviction that increases the penalty for an offense beyond the statutory maximum penalty for that offense is an element of the crime and so must be submitted to the jury and proved beyond a reasonable doubt. Id. at 2362-63. Jackson received a sentence of 30 years on the basis of the sentencing judge's determination that his offense had involved at least 5 grams of crack cocaine. 21 U.S.C. sec. 841(b)(1)(B). The maximum would have been 20 years had no determination of quantity been made, sec. 841(b)(1)(C), and since the jury had not been asked to determine quantity, the higher sentence violated the rule declared in Apprendi.

But since Jackson had not raised in the district

court the issue later decided by Apprendi, he can obtain the benefit of that decision only if the sentencing of him in disregard of it was a plain error. (The applicability of the plain-error standard to Apprendi errors is established in this circuit by our recent decision in United States v. Nance, No. 00-1836, slip op. at 8-9, 2000 WL 1880629, at *4-5 (7th Cir. Dec. 29, 2000).) Plain it was in the sense of clear, as is apparent now that Apprendi has been decided, which is the relevant time for appraising plainness in the sense of clarity. Johnson v. United States, 520 U.S. 461, 467-68 (1997). But to prevail under the plain-error standard, Jackson must also show that the error was prejudicial, that is, that there is some likelihood that the judgment would have been different had the error not been made. Id. at 467; see also Olano v. United States, 507 U.S. 725, 734 (1993). Concretely, if the evidence that Jackson's offense involved at least 5 grams of crack is "overwhelming," he is not entitled to be resentenced on the basis of Apprendi. Johnson v. United States, supra, 520 U.S. at 470. (The ground on which we directed that he be resentenced is unrelated.)

Overwhelming that evidence was. Jackson was an official of the Gangster Disciples, a very large Chicago drug gang whose principal commodity was crack cocaine. On one occasion alone Jackson sold 51.7 grams of crack, more than ten times the amount required to make a defendant eligible for a 40-year maximum sentence under 21 U.S.C. sec. 841(b)(1)(B). One of the counts on which he was convicted charged the conspiracy with trafficking in 51.7 grams of crack. Other counts on which he was convicted also charged amounts greatly in excess of 5 grams. No reasonable jury could have failed to convict Jackson of being involved in the sale of hundreds, if not thousands, of grams of crack. The failure to ask the jury to determine whether the amount was at least 5 grams was harmless far beyond a reasonable doubt.

We therefore reinstate our previous judgment. Judgment Reinstated.