In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2531

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TORREY D. JONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99 CR 40037--J. Phil Gilbert, Judge.

Argued November 30, 2000--Decided March 28, 2001

Before Ripple, Manion, and Kanne, Circuit Judges.

Kanne, Circuit Judge.  Defendant-appellant,
Torrey Jones, pleaded guilty to one felony drug
count in violation of 21 U.S.C. sec. 841(a)(1),
and a jury found him guilty of two additional
felony drug counts for violating 21 U.S.C.
sec.sec. 841(a)(1) and 846. Jones was
subsequently sentenced by the district court to
a prison term of 312 months for each count, with
the terms to be served concurrently. Jones now
appeals. Jones challenges his conviction with
regard to the two counts for which the jury found
him guilty, arguing that the district court
failed to properly instruct the jury as to the
government's burden to prove both the type and
quantity of the controlled substances alleged in
the indictment.  Jones also contests his sentence
with regard to all three counts, alleging that
the district court failed to properly make
certain findings in formulating his sentence.
Because Jones' sentence was below the statutory
maximum penalty prescribed by 21 U.S.C. sec.
841(b)(1)(C) for a Schedule II drug offense
committed by an individual with a prior felony
drug conviction, regardless of the quantity of
drugs involved, we affirm both Jones' conviction
and his sentence.

I.  History

  Jones was arrested on October 29, 1998 after

officers from the Mt. Vernon, Illinois, Police Department's Narcotics Unit and the Jefferson County, Illinois, Sheriff's Department executed a search warrant on Jones' mother's house, where he resided. The officers recovered slightly less than five grams of crack cocaine along with packaging materials and other drug paraphernalia. This arrest marked the end of a two-year period dating back to October 1996, during which time Jones both manufactured and sold crack cocaine. Jones' drug-related activities were well documented by law enforcement officers who observed or participated in multiple controlled drug purchases involving Jones, by individuals who had themselves purchased crack cocaine from Jones, including Louise Monroe, Jones' co-defendant, and by Jones himself, who, after being taken into custody and advised of his rights, gave written and verbal statements in which he admitted to receiving substantial quantities of powder cocaine on a regular basis and cooking at least a portion of that powder into crack cocaine.

Jones and Monroe were indicted by a grand jury on May 7, 1999, and charged with one count of conspiracy to possess cocaine base, commonly known as "crack cocaine," with the intent to distribute, in violation of 21 U.S.C. sec.sec. 841(a)(1) and 846. A superseding indictment was returned by the grand jury on August 4, 1999, specifying that Jones and Monroe conspired to distribute more than fifty grams of a mixture and substance containing cocaine and a mixture and substance containing cocaine base commonly known as crack cocaine in violation of 21 U.S.C. sec.sec. 841(a)(1), 841(b)(1)(A)(iii), and 846. A second superseding indictment was returned by the grand jury on November 3, 1999. This indictment was more expansive than the previous two indictments. In addition to count one, the sole count of the first two indictments, this second superseding indictment included five additional counts, two of which charged Jones individually, and three other counts against only Monroe. Count two charged Jones with distribution and possession with the intent to distribute less than five grams of crack cocaine on or about October 18, 1996, in violation of 21 U.S.C. sec. 841(a)(1). Count five charged Jones with committing the same offense charged in count two on or about October 29, 1998.

Prior to the grand jury's return of the second superseding indictment, the government filed an information on August 31, 1999, pursuant to 21 U.S.C. sec. 851(a)(1), to establish Jones' 1998 state court conviction for the unlawful delivery of a controlled substance. Shortly before his arrest for the offenses at issue in this appeal,

Jones pleaded guilty to delivering less than one gram of a substance containing cocaine to a confidential source of the Mt. Vernon Police Department on February 17, 1997. This was a violation of the Illinois Controlled Substance Act, 720 Ill. Comp. Stat. 570/401, and a Class Two felony in the State of Illinois. Id. at 570/401(d). As a result of his guilty plea, Jones received thirty months probation. The information filed by the government expressed the government's intent to rely upon this prior conviction, which is a felony drug offense as referred to in 21 U.S.C. sec. 841(b), for the purpose of enhancing Jones' statutory penalty. The defendant did not contest the existence of this prior felony.

While Jones originally pleaded not guilty to all three counts of the second superseding indictment, he changed his plea with regard to count two by entering a plea of guilty on the morning of the first day of trial. Judge Gilbert questioned Jones extensively as to this decision, and during this process Jones definitively agreed to the accuracy of the factual allegations presented by the government implicating him in the distribution of crack cocaine. Jones' trial then commenced on counts one and five. Two days later, the jury returned a verdict of guilty on both counts. Jones was sentenced to 312 months for each count, with the sentences to run concurrently.

II.  Analysis
A.  The Jury Instructions for Counts One and Five

Jones first attacks his conviction on counts one and five, contending that the instructions submitted to the jury constituted reversible error. Relying on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), Jones argues that the instructions for counts one and five constituted reversible error because they failed to direct the jury that it must find that the government had met its burden to prove the quantity of controlled substances alleged for these counts in the indictment. Additionally, Jones argues that the instructions pertaining to count one failed to require the jury to find that the government had met its burden of proving the type of controlled substances alleged in the portion of the indictment relating to that count. Jones acknowledges that, because he did not preserve his objection as to whether the quantity or type of drugs alleged in the indictment were improperly missing from the jury instructions, we review his claim for plain error. See United States v. Nance, 236 F.3d 820, 824 (7th Cir. 2001).

In Apprendi, the Supreme Court held that "any fact other than the fact of a prior conviction that increases the penalty for an offense beyond the statutory maximum penalty for that offense is an element of the crime and so must be submitted to the jury and proved beyond a reasonable doubt." United States v. Jackson, 236 F.3d 886, 887 (7th Cir. 2001) (citing Apprendi, 120 S. Ct. at 2362-63). In cases involving drugs and alleged violations of 21 U.S.C. sec.sec. 841 and 846, like the one now before us, we have held that "before a defendant can be sentenced to a term of imprisonment above the default statutory maximum provided in sec. 841(b)(1)(C) or D, Apprendi requires that a drug type and amount sufficient to trigger the higher statutory maximums of sec. 841(b)(1)(A) or (B) be charged in the indictment and found by the jury." United States v. Mietus, 237 F.3d 866, 874 (7th Cir. 2001). When a drug amount is not charged in an indictment or included in instructions submitted to a jury, the statutory maximum under sec. 841(b) is to be determined without making any reference to drug amount. See United States v. Westmoreland, 240 F.3d 618, 632 (7th Cir. 2001).

1.  Count One

Count one of the indictment clearly explained that Jones and Monroe were charged with conspiring to distribute, and possession with the intent to distribute, more than fifty grams of a mixture and substance containing cocaine and more than fifty grams of a mixture and substance containing cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. sec.sec. 841(a)(1), 841(b)(1) (A)(iii), and 846./1 The instructions submitted to the jury on this count, however, were not as specific as the indictment. While we find sufficient language in the instructions directing the jury to determine whether the government had proven the type of controlled substances alleged in count one of the indictment, these instructions made no mention of the quantity of the controlled substances. The government argues that the jury was properly instructed as to the quantity of controlled substances alleged in count one. In support of this assertion the government offers several facts: the district court read the indictment to the jury at the outset of voir dire; the jury received a copy of the indictment when it deliberated; and, with regard to count one, the jury was instructed to consider whether the transactions involved large quantities of cocaine and cocaine base. These facts do not alleviate the absence of direction in the jury instructions to find that Jones possessed more than fifty grams of cocaine and more than fifty grams of

crack cocaine.

Notwithstanding this omission in the instructions, the defendant was found guilty on this count and he was subsequently sentenced to 312 months for this offense. Because no drug amounts were included in the jury instructions for this count, Apprendi requires the statutory maximum for this offense to be determined without reference to any quantity of controlled substance. While sec. 841(b)(1)(C) explains that the statutory maximum for the offense charged in count one, without mention of any specific quantity of drugs, is twenty years, or 240 months, it also explains that when "any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years." Thus, because of Jones' prior state felony drug conviction, the statutory maximum for his offense under sec. 841(b)(1)(C) is thirty years, or 360 months. This enhancement was the result of Jones' prior conviction, a fact explicitly excluded from the requirements of Apprendi by the Supreme Court. See Apprendi 120 S. Ct. at 2362-63. Furthermore, we have repeatedly held that "when a defendant is sentenced to a term of imprisonment within the statutory maximum for the crime of which he was convicted, 'Apprendi is beside the point.'" United States v. Williams, No. 00-1129, 2001 WL 65719, *4 (7th Cir. Jan. 26, 2001) (quoting Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000)). Thus, because Jones' sentence was forty-eight months below the statutory maximum for a defendant who has a prior felony drug conviction, Apprendi is inapplicable, and the conviction for count one will be affirmed.

2.  Count Five

Count five of the indictment stated that Jones knowingly and intentionally possessed, with the intent to distribute, less than five grams of a mixture and substance containing a cocaine base, in violation of 21 U.S.C sec. 841(a)(1). While the instructions submitted to the jury for this count, like those for count one, did not direct the jury to determine whether the government had proven a quantity of crack cocaine, the conviction on this charge is upheld for the reasons explained above. Without any reference to drug quantity, the statutory maximum for a defendant who has a prior drug felony conviction and commits the offense charged in count five is thirty years, or 360 months. See 21 U.S.C. sec. 841(b)(1)(C). Jones, however, received a sentence of 312 months, forty-eight months below the statutory maximum for this offense. Again,

Apprendi does not apply, and the conviction for count five must be affirmed.

B.  The Sufficiency of the District Court's Findings in Sentencing Jones

   In his appeal, Jones also challenges the sufficiency of the findings made by the district court in calculating his sentence. Jones argues that Apprendi requires all sentencing factors considered by a district court in formulating a defendant's sentence, including those which determine the defendant's relevant conduct and criminal history category, to be found beyond a reasonable doubt by the trier of fact. Specifically, Jones alleges that the district court improperly used a preponderance of the evidence standard to determine the quantity of crack cocaine that was a part of his relevant conduct. Jones concludes that, because the district court's findings exposed him to the possibility of receiving a sentence that exceeded the statutory maximum penalty for the crimes for which he was convicted, the court's use of a preponderance of the evidence standard to make these findings violated Apprendi and constituted reversible error. Additionally, Jones argues that the existence of his prior felony drug conviction should have been found beyond a reasonable doubt by the trier of fact in the context of each count: by the jury for counts one and five, and by the court for count two. We review this claim for plain error because Jones did not properly preserve his objections in the court below. See United States v. Westmoreland, 240 F.3d 618, 632 (7th Cir. 2001).

   At the sentencing hearing in this case, the court determined Jones' base level offense by calculating the quantity of crack cocaine that was not included in the counts for which Jones was convicted, but that should be included in Jones' relevant conduct, pursuant to the United States Sentencing Guidelines (U.S.S.G.) sec. 1B1.3(a)(2), because it was a "part of the same course of conduct or common scheme or plan as the offense[s]" for which Jones was convicted. U.S. Sentencing Guidelines Manual sec. 1B1.3 (a)(2) (1998). The court found, by a preponderance of the evidence, that Jones' relevant conduct included over 1.5 kilograms of crack cocaine. This determination put Jones' base level offense at 38 under U.S.S.G. sec. 2D1.1(C). See id. at sec. 2D1.1(c). Additionally, the court found Jones' criminal history to fall within category III. These findings led the court to conclude that the appropriate sentence range for Jones was 292 to 365 months for count one, and 292 to 360 months for counts two and five. Jones was subsequently sentenced to 312 months for each count, with the

sentences to run concurrently

After Apprendi, "it is now clear that, if drug quantity is determined by the sentencing judge rather than by the jury, a defendant's rights are violated when the sentence dictated by the drug quantity is greater than the lowest, unenhanced statutory maximum prescribed by section 841(b)." Westmoreland, 2001 WL 125878, at *9. When a defendant's sentence does not exceed the lowest, unenhanced statutory maximum for the crime for which he was convicted, however, there is no Apprendi violation. See United States v. Parolini, 239 F.3d 922, 929 (7th Cir. 2001). Because of Jones' prior felony drug conviction, which despite his insistence to the contrary did not have to be found beyond a reasonable doubt by either the district court or the jury, the lowest unenhanced statutory maximum for all three counts under sec. 841(b)(1)(C) was thirty years, or 360 months. Thus, Jones' sentence did not violate Apprendi because it was below the statutory maximum for the crimes for which he was convicted.

Although we have dealt with Jones' claim regarding his sentence, we feel compelled to briefly address his assertion that Apprendi requires a district court to find drug quantities it considers to be a part of a defendant's relevant conduct beyond a reasonable doubt.

Before Apprendi, we held that at the sentencing phase of a criminal proceeding, the drug quantities attributable to a defendant's relevant conduct need only be found by a preponderance of the evidence. See United States v. Zehm, 217 F.3d 506, 511 (7th Cir. 2000). Following the Court's decision in Apprendi, we have found that the holding of that case "does not affect application of the relevant-conduct rules under the Sentencing Guidelines to sentences that fall within a statutory gap." Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000). Thus, pursuant to the sentencing guidelines, district courts may still determine a drug offender's base level offense by calculating quantities of drugs that were not specified in the count of conviction but that the court concludes, by a preponderance of the evidence, were a part of the defendant's relevant conduct, as long as that determination does not result in the imposition of a sentence that exceeds the statutory maximum penalty for that crime. See id. at 869-70 ("Apprendi does not affect the holding of Edwards v. United States, 523 U.S. 511, 118 S. Ct 1475, 140 L. Ed. 2d 703 (1998), that the judge alone determines drug types and quantities when imposing sentences short of the statutory maximum."); see also Westmoreland, 240 F.3d at 636 ("The only gloss

applied to [our holding in United States v. Dawn, 129 F.3d 878, 884 (7th Cir. 1997), that 'sentencing judges may look to the conduct surrounding the offense of conviction in fashioning an appropriate sentence, regardless of whether the defendant was ever charged with or convicted of that conduct,'] by Apprendi is the requirement that facts not set forth in an indictment and charged to a jury may not be used to increase a defendant's sentence beyond the prescribed statutory maximum.").

III.  Conclusion

  Because Jones' sentence fell below the statutory maximum for the offenses for which he was convicted, we AFFIRM both his conviction and his sentence.


/1 Section 841(a) states that "it shall be unlawful for any person knowingly or intentionally--(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. sec. 841(a).

  Section 841(b)(1)(A) explains:

In the case of a violation of subsection (a) of this section involving--(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment.

21 U.S.C. sec. 841(b)(1)(A)

  Section 846 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. sec. 846.