**Jim LOWERY, Petitioner,**

v.

**Rondle ANDERSON, Respondent.**

No. 01–2596.

United States Court of Appeals, Seventh Circuit.

Submitted June 25, 2001.

Decided June 26, 2001.

Before FLAUM, Chief Judge, BAUER, MANION, Circuit Judges.

## ORDER

The State of Indiana intends to execute Jim Lowery sometime after 12:01 A.M. on June 27, 2001 for the 1979 murders of Mark and Gertrude Thompson. Lowery has applied for an order pursuant to 28 U.S.C. § 2244(b)(3) authorizing the district court to consider a second or successive petition for a writ of habeas corpus under 28 U .S.C. § 2254. Lowery also requests that we stay his execution pending review of his application. The State of Indiana has filed a response in opposition to both requests for relief. Because we cannot grant Lowery permission to file a second or successive collateral attack, we deny the application and the stay of execution.

The facts and procedural history of this case are recounted in our opinion affirming the denial of Lowery's first federal habeas corpus petition, *Lowery v. Anderson*, 225 F.3d 833 (7th Cir.2000). In this application Lowery seeks leave to raise a claim under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that his constitutional rights were violated when the essential elements of an aggravating circumstance upon which the he was sentenced to death were not submitted to the jury and proved beyond a reasonable doubt. The Indiana statute authorizing the state to seek a death sentence for murder provides that the prosecution must allege on a page separate from the rest of the charging instrument the existence of at least one listed aggravating circumstance, and prove beyond a reasonable doubt the existence of at least one of the alleged aggravating circumstances at the sentencing hearing after the defendant is convicted of murder. Ind.Code § 35–50–2–9(a). If the defendant is convicted after a jury trial, the jury recommends to the trial judge after the sentencing hearing whether a sentence of death or life imprisonment without parole should be imposed. Ind.Code § 35–90–2–9(d), (e). The jury may recommend either sentence only if it finds that the state proved beyond a reasonable doubt that at least one of the aggravating circumstances exists, and that the aggravating circumstances outweigh any mitigating circumstances presented. Ind.Code § 35–90–2–9(k).

Indiana alleged that Lowery was eligible for the death penalty on the basis of two aggravating circumstances: Lowery murdered the Thompsons during the commission of an attempted burglary, *see* Ind. Code § 35–50–2–9(b)(1)(B); and Lowery was convicted of more than one murder, *see* Ind.Code § 35–50–2–9(b)(7). Lowery contends that the attempted burglary circumstance was inadequately presented to the jury and thus not proved beyond a reasonable doubt because the jury was not informed of the intended felony forming the basis of the burglary accusation, and did not indicate which of the two aggravating circumstances it relied on in recommending a sentence of death.

██ Before we can permit Lowery to file a second or successive collateral attack in the district court, he must make a prima facie showing that he meets the substan-

tive criteria of 28 U.S.C. § 2244(b)(2). Lowery relies on § 2244(b)(2)(A), which permits the filing of a second or successive collateral attack where "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Lowery contends that the rule announced by the Supreme Court in *Apprendi* is a new rule of constitutional law that was not available to him when he filed his first petition for a writ of habeas corpus in 1996. But the Supreme Court has not declared *Apprendi* retroactive to cases on collateral review, *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.2000), so we cannot grant the relief Lowery requests. And even if *Apprendi* applied retroactively to cases on collateral review, Lowery's claim is without merit. *Apprendi* holds that any fact (except the existence of a prior conviction) that increases a sentence beyond the statutory maximum for a particular offense must be submitted to the jury and proved beyond a reasonable doubt. *United States v. Jackson*, 236 F.3d 886, 887 (7th Cir. 2001). Committing multiple murders was one of the aggravating circumstances presented to the jury, and, because the jury found Lowery guilty of two murders, it found beyond a reasonable doubt the existence of an aggravating circumstance warranting the recommendation of the death penalty.

Accordingly, we DENY the application for an order authorizing the district court to entertain a second or successive petition for collateral review and the motion for a stay of execution.