**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin W. PADGETT, Defendant–Appellant.**

**No. 00–2762.**

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2001.

Decided Aug. 9, 2001.

Before FLAUM, Chief Judge,
EASTERBROOK, KANNE, Circuit
Judges.

## ORDER

Kevin Padgett pleaded guilty to conspiring to manufacture a substance containing methamphetamine, 21 U.S.C. § 841(a)(1), and possessing materials which may be used to manufacture methamphetamine, 21 U.S.C. § 843(a)(6), and was sentenced to 292 months' imprisonment. Padgett seeks to appeal, but his counsel, unable to discern a nonfrivolous issue to advance on Padgett's behalf, has moved to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the issues raised in counsel's brief and Padgett's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

Padgett and his counsel first consider whether Padgett might seek to invalidate his guilty plea by arguing that it was not entered into knowingly and voluntarily, but counsel concludes that such an argument would be frivolous because the district court complied fully with Rule 11. After determining that Padgett was competent to enter a plea, the court thoroughly admonished him regarding the nature of the charge, the possible penalties, and the various rights he would waive by pleading guilty. *See* Fed.R.Crim.P. 11. Moreover, Padgett stated under oath that his decision to plead guilty was not influenced by any promises made outside the agreement. Nothing in the record suggests Padgett's plea was coerced, and therefore we presume his representations to be truthful. *See Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000). We review a Rule 11 plea colloquy for plain error when a defendant has not sought to withdraw his guilty plea in the district court, *see United*

States v. Driver, 242 F.3d 767, 769–71 (7th Cir.2001), but even were we to apply the more exacting harmless error standard, see United States v. Vonn, 224 F.3d 1152, 1155 (9th Cir.2000) (noting that Rule 11(h)'s harmless error standard applies to all Rule 11 errors), cert. granted, —— U.S. ——, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would agree with counsel that a challenge to the validity of Padgett's guilty plea would be frivolous.

Padgett and his counsel both propose arguments based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which we would review under a plain error standard because they were not made to the district court. See United States v. Parolin, 239 F.3d 922, 929 (7th Cir.2001). Counsel first observes that, because Padgett's total sentence (292 months) did not exceed 30 years (the sum of the default statutory maximums applicable to each count, see 21 U.S.C. §§ 841(b)(1)(C) (20 years), 843(d)(2) (10 years), no Apprendi violation occurred. See Parolin, 239 F.3d at 929. Moreover, counsel notes, Padgett could not establish plain error even considering the manufacturing count alone: Padgett's stipulation to relevant conduct (350–500 grams of a mixture containing methamphetamine) constitutes "overwhelming evidence" supporting the 292–month sentence he received. See 21 U.S.C. § 841(b)(1)(B)(viii) (maximum sentence for violations involving 50 or more grams of a mixture containing methamphetamine is 480 months); United States v. Jackson, 236 F.3d 886, 888 (7th Cir.2001). We agree that these arguments would be frivolous.

Both Padgett and his counsel next evaluate the potential argument that Padgett's trial counsel provided ineffective assistance, but counsel concludes that such a contention would be frivolous because no evidence in the record supports such a claim. We agree.

Finally, counsel considers challenges to Padgett's sentence, but concludes that these would be barred by the express waiver-of-appeal provision in Padgett's plea agreement. Such waivers are presumed valid if the plea agreement containing them is valid, see United States v. Wenger, 58 F.3d 280, 282 (7th Cir.1995), and will be honored unless the sentence was based on a constitutionally impermissible factor such as race or exceeded the statutory maximum, see Jones v. United States, 167 F.3d 1142, 1144 (7th Cir.1999). Counsel concludes that neither occurred here, and we agree Padgett's waiver would render frivolous any sentencing appeal.

Counsel's Motion to Withdraw is GRANTED and the appeal is DISMISSED.