**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Samuel OPARA, Defendant–Appellant.**

No. 00–3380.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 2001.

Decided Sept. 28, 2001.

Before Hon. JOEL M. FLAUM, Chief Judge, Hon. DANIEL A. MANION, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

## ORDER

A grand jury charged Opara with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U .S.C. § 846; four substantive counts of distribution in excess of five grams of crack cocaine base, in violation of 21 U.S.C. § 841(a); and maintaining a crack house, in violation of 21 U.S.C. § 856. After a jury trial, Opara was convicted on all six counts of the criminal indictment. Opara was sentenced to 360 months in prison: 240 months for Count 1 and 120 months each for Counts II through VI.[1] Counts II through VI were

1. Opara was convicted of the charges in August 1998, however, he was not sentenced until two years later on September 1, 2000, after the Supreme Court had decided *Appren-*

ordered to be served concurrently with each other and consecutively to Count I.

On appeal, Opara first argues that the government's evidence at trial was insufficient to support the jury's verdict of maintaining a crack house. Because the government concedes that insufficient evidence existed to find Opara guilty of maintaining a crack house, the conviction on Count VI is set aside.

Opara next argues that the district court imposed consecutive sentences in violation of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Opara contends that because the jury did not determine the quantity of cocaine involved in his case, the maximum sentence he could have received was 240 months, because the maximum penalty for the crime of unlawfully distributing, or conspiring to distribute, cocaine base without reference to quantity is twenty years. *See* 21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 846; *United States v. Jones*, 245 F.3d 645, 649 (7th Cir.2001). Therefore, Opara concludes, the district court's aggregate sentence of 360 months is violative of *Apprendi*.

*Apprendi* does not require that all facts relevant to sentencing be submitted to the jury. *Jones*, 245 F.3d at 650. *Apprendi* is irrelevant if the sentence falls within the applicable statutory maximum. *United States v. Robinson*, 250 F.3d 527, 529 (7th Cir.2001); *Jones*, 245 F.3d at 649; *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000). That statutory maximum is determined by reference to the statute and each count alleges a separate violation. Therefore, to determine if there is a violation of *Apprendi*, we look to the sentence imposed for each count and determine whether it

exceeds the statutory maximum. Here, the maximum sentence Opara could have received is 240 months for each count. *Jones*, 245 F.3d at 649. The district court sentenced Opara to the statutory maximum of 240 months for his conspiracy count and 120 months each for the possession counts. Accordingly, *Apprendi* is irrelevant.[2]

Because Opara's sentence did not exceed the statutory maximum for each count of which he was convicted, we AFFIRM his sentence.

**2.** We have considered Opara's other arguments, and find them to be without merit. *See Robinson*, 250 F.3d at 531; *Jones*, 245 F.3d at 650–51; *Talbott*, 226 F.3d at 869.