UNITED STATES of America, Plaintiff–Appellee,

v.

Andre LEWIS, a/k/a "Skins," Defendant–Appellant.

No. 00–3113.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 2002.

Decided May 9, 2002.

Before COFFEY, KANNE, and EVANS, Circuit Judges.

### ORDER

In September 1999 a grand jury indicted Andre Lewis for conspiracy to distribute and possess with intent to distribute 50 or more grams of crack. A jury found Lewis guilty, and the district court sentenced him to life in prison. Lewis appeals, arguing that jurors did not determine drug quantity beyond a reasonable doubt and so he should have been sentenced to no more than 20 years. We affirm.

Andre Lewis became a local leader, or "governor," of the Gangster Disciples street gang in 1993. As governor, Lewis was the highest-ranking Gangster Disciple in the "Quad Cities," which encompasses the cities of Rock Island and Moline in Illinois, and Davenport and Bettendorf in Iowa. The Gangster Disciples' main activity was selling crack. Lewis supplied gang members with crack to sell on the streets, at local bars, and from private residences. Lewis also sold crack himself.

In September 1998 members of a federal gang task force executed a search warrant at Lewis' home, finding 14 grams of cocaine and 0.8 grams of crack. Lewis was later charged with conspiring to distribute and to possess with intent to distribute at least 50 grams of crack in violation of 21 U.S.C. §§ 846 and 841(a)(1). At trial numerous witnesses, including Lewis' fellow gang members, testified that members of the Gangster Disciples bought and sold crack, that Lewis participated in and directed the crack sales, and that the amount of crack bought and sold by gang members while Lewis was governor exceeded 1.5 kilograms.

The district court instructed jurors that they could convict Lewis only if the government had proved beyond a reasonable doubt that 1) a conspiracy "to distribute or possess with intent to distribute 50 or more grams" of crack existed, and 2) Lewis knowingly joined the conspiracy. Jurors returned a verdict of guilty, and the district court judge sentenced Lewis to life in prison. Lewis filed a timely notice of appeal.

■ Lewis appeals only his sentence, arguing that, because jurors were not required to write a drug quantity on their verdict form, his prison term exceeds the maximum permitted where drug quantity is not properly established. A conspiracy involving at least 50 grams of crack carries a maximum term of life. 21 U.S.C. §§ 846, 841(b)(1)(A). A conspiracy involving 5 or more but less than 50 grams of crack carries a maximum term of 40 years. Id. §§ 846, 841(b)(1)(B). The default statutory maximum for any crack conspiracy, regardless of quantity, is 20 years. Id. §§ 846, 841(b)(1)(C). Courts traditionally determined drug quantity by a preponderance of the evidence when determining the maximum term available under 841(b). United States v. Nance, 236 F.3d 820, 823–24 (7th Cir.2000), cert. denied, —— U.S. ——, 122 S.Ct. 79, 151 L.Ed.2d 43 (2001). However, using a preponderance standard to determine statutory maximums became unacceptable when the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). After Apprendi, enhancement beyond the 20–year default statutory maximum requires a jury determination of drug quantity beyond a reasonable doubt. United States v. Westmoreland, 240 F.3d 618, 631–32 (7th Cir.2001).

The question, then, is did the jury determine beyond a reasonable doubt that Lewis conspired to distribute or possess with intent to distribute 50 or more grams of crack? Lewis relies on our opinions in Westmoreland and United States v. Jones, 245 F.3d 645 (7th Cir.2001), in arguing that his jury did not make the required determination. In Westmoreland we vacated the defendant's life term because the district court had omitted mention of drug quantity in its instructions to jurors, and therefore the life sentence exceeded the statutory maximum of 20 years permitted when drug quantity is not submitted to the jury. Westmoreland, 240 F.3d at 635. Westmoreland is inapposite because here the district court specifically instructed Lewis' jury to convict only if the government proved "beyond a reasonable doubt" that Lewis joined "the conspiracy to dis-

tribute or possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base, also known as crack." In essence, the district court did not ask the jury to decide the question of guilt first and then decide (for sentencing purposes) the amount of crack at issue. Rather, the court told the jury that it *could not convict at all* unless it found the amount of crack to be at least 50 grams. Lewis thus got more than even *Apprendi* required. *Jones* is also of no help to Lewis because the instruction at issue in *Jones* did not mention a specific drug quantity at all, and allowed jurors to convict as long as they found that the defendant transacted "large quantities of cocaine and cocaine base." *Jones*, 245 F.3d at 649.

Still, Lewis argues that other instructions may have confused jurors so that they convicted him without determining drug quantity. For instance, the district court instructed jurors that, in order to "return a verdict of guilty as to the defendant, you must unanimously agree that the defendant committed one or both of the two offenses that were the alleged subject of the conspiracy." Lewis argues that the quoted instruction could have misled jurors into thinking that they needed to determine only that he engaged in a conspiracy, not that they needed to determine drug quantity. Lewis' argument, however, is unavailing. The instruction does not direct jurors to ignore the instruction regarding drug quantity, and so we presume that the jurors determined a drug quantity of at least 50 grams. *See United States v. Harris*, 271 F.3d 690, 702 (7th Cir.2001) (jurors are presumed to have followed their instructions).

Equally unavailing is Lewis' argument that the jury, because it was not

instructed to convict only if he conspired with fellow gang members, might have found that he conspired with his wife to distribute the .8 grams of crack and 14 grams of cocaine found in their home, but not the much larger quantities sold by fellow gang members. Again, Lewis' argument fails to negate the fact that the district court specifically instructed jurors to find Lewis guilty only if he conspired to distribute or possess with intent to distribute 50 or more grams of crack, and we presume jurors followed that instruction. *Id.*

Accordingly, we AFFIRM the district court's judgment.