**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Muff't Ishmael MUSTAAFA,**
**Defendant–Appellant.**

No. 01–2842.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.

Decided Nov. 27, 2002.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

Illinois state police found 121 grams of crack cocaine and a semi-automatic handgun in Muff't Ishmael Mustaafa's car when they stopped him for speeding. Mr. Mustaafa pleaded guilty without a written plea agreement to one count of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A), and one count of firearm possession by a felon, 18 U.S.C. § 922(g)(1). The district court sentenced Mr. Mustaafa to the statutory mandatory minimum sentence on the cocaine distribution count, which, because of Mr. Mustaafa's prior felony drug conviction, was 240 months' imprisonment and ten years' supervised release. On the firearm possession count, the court sentenced Mr. Mustaafa to a concurrent term of 140 months' imprisonment and 3 years' supervised release. Mr. Mustaafa filed a timely notice of appeal, but his appointed counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous basis for appeal. Because Mr. Mustaafa declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's brief is facially adequate, we limit our review to the potential issues counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Counsel first considers whether Mr. Mustaafa could challenge the voluntariness of his guilty pleas on the ground that the district court failed to comply with Federal Rule of Criminal Procedure 11. Mr. Mustaafa did not ask the court to allow him to withdraw his pleas; therefore, only plain error could justify relief. *See United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Nor has Mr. Mustaafa indicated that he now wishes to withdraw to his pleas. To the contrary, counsel reports that Mr. Mustaafa does not want to do so. Thus, counsel need not have explored the adequacy of the district court's Rule 11 colloquy in his *Anders* submission. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). In any event we agree with

counsel that a potential challenge to Mr. Mustaafa's guilty pleas would be frivolous because the district court complied with Rule 11.

■ Although Mr. Mustaafa does not wish to withdraw his guilty pleas, counsel informs us that his client has expressed concern that valid grounds existed to suppress the drugs and gun seized from his car because the police officer's traffic stop violated the Fourth Amendment. Counsel has found no evidence in the record indicating that the officer lacked probable cause to make the stop, and thus he concludes that any argument for suppression on this ground would fail on direct appeal. We think that whether or not Mr. Mustaafa's potential Fourth Amendment argument has merit, which is improbable given *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), Mr. Mustaafa waived the argument by pleading guilty. *See United States v. Galbraith,* 200 F.3d 1006, 1010 (7th Cir.2000). But to the extent that Mr. Mustaafa is suggesting that his trial counsel poorly advised him to plead guilty despite the availability of a successful suppression motion, his present counsel is correct that such a claim is premature. *See Knox,* 287 F.3d at 671.

■ Counsel next examines whether Mr. Mustaafa could mount a nonfrivolous challenge to his sentence and concludes that he could not because the district court properly sentenced Mr. Mustaafa to the minimum possible prison term for his offenses. We agree. Mr. Mustaafa did not dispute that he was convicted in 1996 of delivery of a controlled substance, which is a Class Two felony in Illinois, *see* 720 ILCS 570/401(d), and constitutes a felony

drug offense for purposes of § 841(b)(1), *see United States v. Jones,* 245 F.3d 645, 647 (7th Cir.2001). Thus, the 240–month mandatory minimum applied here. Moreover, the district court had no authority to depart below the mandatory minimum term in this case. The government did not move for a downward departure based on substantial assistance under 18 U.S.C. § 3553(e), *see United States v. McMutuary,* 217 F.3d 477, 486 (7th Cir.2000), and Mr. Mustaafa did not qualify for a safety-valve reduction, in part, because his offense involved a firearm, *see* 18 U.S.C. § 3553(f). Thus, any challenge to Mr. Mustaafa's prison sentence would be frivolous.

■ Finally, counsel considers whether Mr. Mustaafa could argue that his trial counsel rendered ineffective assistance. As we stated above, it would be frivolous to make an ineffective-assistance argument on direct appeal, because such a claim would likely be premised on matters outside the record. *Knox,* 287 F.3d at 671; *United States v. Brooks,* 125 F.3d 484, 495–96 (7th Cir.1997). We find no reason to disagree with counsel's assessment that this record does not reveal deficient performance by trial counsel.

Accordingly, we GRANT counsel's motion to withdraw, and DISMISS the appeal.