**ALD-154**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4757
_____

SAMUEL OPARA,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:10-cv-02295)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed April 11, 2011 )
_____

OPINION
_____

PER CURIAM

    Samuel Opara appeals from the District Court's order granting the Government's

motion to dismiss Opara's habeas petition filed under 28 U.S.C. § 2241.  For the

following reasons, we will summarily affirm the District Court's order.  See 3d Cir.

L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Opara, a prisoner at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), was convicted in 1998 in the United States District Court for the Northern District of Indiana for various federal drug crimes. He was subsequently sentenced to a 360-month term of incarceration, followed by five years of supervised release. Opara appealed, and the Seventh Circuit Court of Appeals set aside the conviction for Count 6—maintaining a crack house—because the Government agreed there was insufficient evidence to sustain that conviction. In all other respects, however, the Seventh Circuit affirmed the District Court. See United States v. Opara, 20 F. App'x 533, 534 (7th Cir. 2001). Opara subsequently filed various motions challenging his conviction and sentence in the Indiana District Court, which were dismissed or denied. See United States v. Opara, No. 2:98-CR-47, 2008 WL 596616 (N.D. Ind. Mar. 5, 2008); Opara v. United States, No. 2:03-CV-9, 2006 WL 1128649 (N.D. Ind. Apr. 26, 2006); Opara v. United States, No. 2:03-CV-9, 2005 WL 1653902 (N.D. Ind. July 8, 2005).

In May 2010, Opara filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the district in which he is currently confined at FCI-Fort Dix. In his § 2241 petition, Opara alleged: error by the Indiana District Court in never properly entering the judgment against Opara in its docket; abuse of discretion by the Indiana District Court in dismissing Opara's original indictment; prosecutorial misconduct; perjury by a police witness; fabricated evidence; and illegally obtained arrest and search warrants. The Government moved to dismiss the petition for lack of jurisdiction, and the New Jersey District Court granted the Government's motion. Opara

2

then filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).[1] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The claims alleged in Opara's § 2241 petition all challenge the legality of his conviction for drug charges in the Indiana District Court. A federal prisoner challenging the validity of his conviction or sentence generally must pursue collateral relief under § 2255 in the district court that imposed his sentence. See 28 U.S.C. § 2255(a). Thus, at first blush it would seem that Opara should have filed a § 2255 motion in the Indiana District Court rather than a § 2241 petition in the New Jersey District Court.

However, case law has established a narrow exception to the general rule, and allows a prisoner to file a § 2241 petition in the district of confinement if "a § 2255 motion would be 'inadequate or ineffective[.]'" Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and

---

[1] To the extent Opara argues that we lack jurisdiction because the New Jersey District Court did not properly enter its decision on its docket, his argument fails. The fact that the District Court filed its opinion on December 14, 2010, but did not officially enter the decision on the docket until December 16, 2010, does not somehow strip us of our jurisdiction. Because there was a final appealable order below that Opara appealed from in a timely fashion, there is no impediment to our jurisdiction.

3

adjudication of his wrongful detention claim." Id. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

Opara argues that his judgment and conviction were never properly entered on the Indiana District Court's docket, and that, accordingly, the Indiana District Court never issued a final appealable order that Opara can challenge. Opara claims this makes a § 2255 motion in the Indiana District Court inadequate or ineffective.

For substantially the reasons provided by the New Jersey District Court, we find Opara's argument unpersuasive. In response to similar arguments, the Indiana District Court explained that, in fact, "the Judgment and Commitment Order in [Opara's] case was properly entered on September 12, 2000 (D.E. # 235) . . . ." Opara, 2008 WL 596616, at *1. It seems, therefore, that any alleged errors with the Indiana District Court's docket are not preventing Opara from filing motions in that District. Because there are no apparent obstacles to Opara filing a § 2255 motion in the Indiana District Court—aside from the normal gatekeeping requirements of § 2255—the New Jersey District Court properly concluded it lacked jurisdiction over Opara's § 2241 petition.[2]

---

[2] To the extent that Opara argues the New Jersey District Court abused its discretion by failing to hold an evidentiary hearing, the argument fails. The District Court dismissed Opara's case based on a legal issue dealing with the court's jurisdiction. Since the decision did not turn on factual disputes, an evidentiary hearing was unnecessary.

4

To the extent that Opara argues that the separate judgment rule somehow saves his § 2241 petition, the argument fails. The separate judgment rule is a federal rule of civil procedure, see Fed. R. Civ. P. 58(a), and thus would not affect the Indiana District Court docket Opara complains of since that docket relates to his criminal case. Moreover, a violation of the separate judgment rule alone does not undo an otherwise final appealable order; it simply extends the time to appeal from that order. See Fed. R. App. P. 4(a)(7)(A)(ii); In re Cendant Corp. Sec. Litig., 454 F.3d 235, 240-41 (3d Cir. 2006). Because the timeliness of Opara's filings in either the Indiana or New Jersey District Court is not at issue, the separate judgment rule is inapposite.

Based on the above, the District Court properly dismissed Opara's § 2241 petition. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.