In the
United States Court of Appeals
For the Seventh Circuit

Nos.  97-3159, 97-3163, 97-3683,
98-1265, 98-1981 & 98-3115

United States of America,

Plaintiff-Appellee,

v.

Andrew ("Bay-Bay") Patterson, Henry Patterson,
Andrew L. ("Maine") Patterson, Tyrone Williams,
Maurice Foster, and Odell Sumrell,

Defendants-Appellants.


On Remand from the Supreme Court of the United States


Submitted January 29, 2001--Decided March 2, 2001


   Before Posner, Easterbrook, and Diane P. Wood, Circuit
Judges.

   Per Curiam.  Last year we resolved 15 consolidated
appeals arising from activities of the Traveling
Vice Lords street gang. United States v.
Patterson, 215 F.3d 776 (7th Cir. 2000). Thirteen
convictions and sentences were affirmed, one
conviction was reversed (with a remand for a new
trial at the prosecution's option), and one
sentence was vacated with instructions to rethink
the possibility of departure from the sentencing
guidelines. After issuing Apprendi v. New Jersey,
120 S. Ct. 2348 (2000), the Supreme Court
instructed us to reconsider sentencing questions
raised by 6 of the 14 defendants whose
convictions had been affirmed. Certiorari was
denied with respect to the other 8. Patterson v.
United States, 121 S. Ct. 621 (2000).

   Relying on United States v. Jackson, 207 F.3d
910 (7th Cir. 2000), our original decision held
that for sentencing purposes the judge alone
determines the kind and quantity of drugs. After
Apprendi we overruled the part of Jackson dealing
with this issue and held that the kind and
quantity of drugs are jury questions, to the
extent they affect the statutory minimum and
maximum punishments. See United States v. Nance,
No. 00-1836 (7th Cir. Dec. 29, 2000). But we also

held that when defendants did not ask the district judge to instruct the jury on this question-- and none of the six defendants now before us made such a request--appellate review is limited to a search for plain error. The mistake of withholding this question from the jury is clear in retrospect, but this is only one part of the plain-error calculus. See Johnson v. United States, 520 U.S. 461 (1997); United States v. Olano, 507 U.S. 725 (1993). When the appellate standard is plain error (as opposed to harmless error), even the clearest of blunders never requires reversal; it just permits reversal. Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 735-36. Unless the error also causes a miscarriage of justice, in the sense of "seriously affecting the fairness, integrity or public reputation of judicial proceedings," Olano, 507 U.S. at 736; Johnson, 520 U.S. at 469, a court of appeals retains discretion to affirm the judgment. Johnson held that when the evidence of guilt is overwhelming a miscarriage of justice is very hard to demonstrate. So too with overwhelming evidence that determines the maximum lawful sentence, we held in Nance and many later cases-- including Jackson itself. See United States v. Jackson, No. 98-2696 (7th Cir. Jan. 10, 2001).

Under 21 U.S.C. sec.841(b)(1)(A)(iii), a person who distributes, or conspires to distribute, a mixture or substance weighing more than 50 grams and containing a detectable quantity of cocaine base ("crack") may be sentenced to life imprisonment. Thus the central question for us is whether the extent of the Traveling Vice Lords' drug activity was so overwhelmingly demonstrated that any reasonable jury would have been bound to conclude that the conspiracy encompassed more than 50 grams of crack. (Focus on the conspiracy is the right perspective, because each of the six defendants before us on remand was convicted of conspiring with the others to distribute drugs, and as a member of the conspiracy each is accountable for the acts of all other conspirators within the scope of that agreement.) When meting out sentences, the district judge concluded that the drug quantity exceeded 50 kilograms of crack and could well have exceeded 500 kilograms of crack, plus substantial quantities of heroin and powder cocaine. In describing the evidence on direct appeal, we observed that the organization "lasted at least a decade and during its best years grossed more than $40,000 a day in retail sales." 215 F.3d at 777. It is inconceivable that the same jury that convicted these six defendants of this conspiracy could have thought that the quantity of crack was under 50 grams. And for four of our six defendants even 5 grams would have been enough, because distributing (or conspiring to

distribute) that quantity authorizes a sentence up to 40 years (480 months). 21 U.S.C. sec.841(b)(1)(B)(iii). Only Andrew "Bay-Bay" Patterson and Tyrone Williams, among the defendants now under consideration, were sentenced to life imprisonment. Maurice Foster and Odell Sumrell were sentenced to 360 months, Henry Patterson to 340 months, and Andrew "Maine" Patterson to 310 months.

Defendants stress that the indictment was silent on the quantity of drugs the conspirators sold, but we cannot see why that matters to plain-error analysis. Our situation is identical to that in Nance, where the indictment "said nothing about the drug quantity." Slip op. 4. Because our review is only for plain error, it is not necessary to decide whether, on a proper pretrial motion under Fed. R. Crim. P. 12(b)(2), a district judge should dismiss an indictment that is silent about the kind or quantity of drugs. Because of the limits of plain-error review, and the strength of the evidence against defendants, we proceed as if the indictment had alleged and jury had made the findings that under sec.841(b)(1) authorize sentences exceeding 20 years. Cf. Fed. R. Crim. P. 12(f). Once the petit jury finds beyond a reasonable doubt (or, on plain error review, once the court concludes that the evidence was so strong that the petit jury was bound to find) that a particular drug and quantity was involved, we can be confident in retrospect that the grand jury (which acts under a lower burden of persuasion) would have reached the same conclusion. See United States v. Mechanik, 475 U.S. 66 (1986). The judge alone still determines the kind and quantity of drugs once the jury has made the findings necessary to establish the statutory maximum sentence, so there was no need for the indictment to allege, or the jury to determine, the extent to which this organization distributed more than 50 grams of crack. See Edwards v. United States, 523 U.S. 511 (1998); Talbott v. Indiana, 226 F.3d 866 (7th Cir. 2000).

The convictions and sentences of Andrew "Bay-Bay" Patterson, Maurice Foster, Odell Sumrell, Henry Patterson, and Andrew "Maine" Patterson are again affirmed. The conviction of Tyrone Williams is affirmed, and his sentence is vacated, with instructions to resentence according to our original opinion. When imposing sentence, the district judge should treat Williams as eligible to a term as long as life imprisonment, though whether he should receive such a sentence depends on the considerations covered in our original opinion.