**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Keith L. ROBINSON and Gregory Sallis, Defendants–Appellants.**

**Nos. 99–1224, 99–1261, 99–1175 and 99–1285.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 25, 2002.

Decided May 30, 2002.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

ON REMAND FROM THE UNITED STATES SUPREME COURT

ORDER

Keith L. Robinson and Gregory Sallis, together with codefendants, unsuccessfully appealed their convictions and sentences stemming from a lengthy trial on drug trafficking charges in the District Court for the Eastern District of Wisconsin. *See United States v. Hardin,* 209 F.3d 652 (7th Cir.2000). Subsequently, the Supreme Court granted their writs of certiorari, vacated our decision, and remanded the case to us for further consideration in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We assume familiarity with the facts as noted in our earlier opinion and add only what we consider necessary for resolving the present issues before us.

■ As relevant to the outcome in this case, we must consider the effect of *Apprendi* on Robinson's life sentence under 21 U.S.C. § 848 for operating a continuing criminal enterprise and on Sallis' conviction for conspiracy and substantive crack cocaine distribution counts. The issues are not new, but the place of this case in the history of these issues is interesting. As we have said, we first encountered these defendants when we considered their case along with their codefendants in *Hardin.* So it was in this very case that we determined that § 848(b) was a sentencing factor, not an element of the charge which had to be set out in the indictment and proved beyond a reasonable doubt to a jury (or a judge if a jury trial is waived). That decision was pre-*Apprendi*—a fact we recognized when we confronted the issue again post-*Apprendi* in *United States v. Smith,* 223 F.3d 554 (7th Cir.2000). *Smith* "revisited the question that was resolved in *Hardin* to make sure that nothing in these more recent decisions requires a different result." At 563. With that purpose in mind, *Smith* was a thorough review of the relevant Supreme Court cases which draw the line between sen-

tencing factors and elements of the crime. After tracing the issue through *McMillan v. Pennsylvania*,[1] to *Almendarez–Torres*,[2] and *Jones*,[3] and finally to the cases decided after *Hardin–Castillo*[4] and *Apprendi*, we again concluded that § 848(b) set out a sentencing factor. We reaffirmed that conclusion in subsequent cases. In *United States v. Hill*, 252 F.3d 919 (7th Cir.2001), we considered whether we should reach a different result in light of a contrary decision from the Court of Appeals for the Sixth Circuit in *United States v. Flowal*, 234 F.3d 932 (2000). We said again that, like four other circuits, we would stick with the conclusion that § 848(b) sets out sentencing factors. *See United States v. Harris*, 243 F.3d 806 (4th Cir.2001); *United States v. Robinson*, 241 F.3d 115 (1st Cir. 2001); *United States v. Keith*, 230 F.3d 784 (5th Cir.2000); and *United States v. Aguayo–Delgado*, 220 F.3d 926 (8th Cir. 2000). Robinson's sentence on count two for a violation of § 848 is affirmed. That sentence being life, we see no reason to dwell on the sentences imposed on the other counts which could have no effect on his fate, though the analysis applicable to Sallis' conviction for conspiracy and a substantive count of distributing cocaine base is equally applicable to Robinson.

Sallis was convicted of conspiracy to distribute cocaine base, pursuant to 21 U.S.C. § 846, and of one substantive count of distribution of crack (cocaine base), in violation of 21 U.S.C. § 841. He was sentenced to 360 months imprisonment, well above the general statutory maximum of 240 months for the charges. *See* § 841(b)(7). His sentence was imposed pursuant to provisions in § 841(b), which provide for sentences of increased severity depending on a number of factors, including the amount of narcotics involved. Under § 841(b)(1)(A)(iii), a person involved in distributing 50 grams of cocaine base is eligible for a sentence of life imprisonment. So, as in many cases, the problem is not specifically with the length of Sallis' sentence but rather with the method by which it was determined. In Sallis' case, the question of the amount of cocaine base distributed was not presented to the jury. The judge determined by a preponderance of the evidence that at least 50 grams was present. The government acknowledges that under *Apprendi*, sentencing Sallis above the 20–year maximum on these charges without presenting the issue to the jury was error.

Because neither Sallis (nor Robinson) raised the issue during their sentencing, our review is for plain error. *United States v. Patterson*, 241 F.3d 912 (7th Cir. 2001). Under this standard, once we determine we are faced with plain error, we next consider whether the error affected a defendant's substantial rights and if it seriously affected the fairness, integrity, or public reputation of the proceedings. *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

█ Sallis cannot establish that the error seriously affected the fairness, integrity, or public reputation of the proceedings. The evidence was overwhelming that the conspiracy consisted of a drug ring that moved drugs from Los Angeles, where Robinson and Charles Henderson lived, first to Minneapolis and, when the heat was on there, to Milwaukee. In 1995 a man named Gren Huley and Sallis were

---

1. *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

2. *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

3. *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

4. *Castillo v. United States*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000).

selling ounce and multi-ounce quantities of crack. Several couriers brought the drugs to Milwaukee. Flight records and Greyhound bus tickets verify that at a minimum couriers took 50 trips in 1997. One person took 7 to 10 trips between February and July 1997. During the fall of 1997, at least four couriers brought back what were referred to as "cookies," packages of crack which were strapped to their bodies. The couriers brought two cookies at a time, which amounted to approximately one kilogram of crack per trip.

In addition, in December 1997, Drug Enforcement Agency agents arrested one member of the ring, Eugene Ward, with a half kilogram of powder cocaine. This dealer had been in business, getting crack from Sallis since early in the year. After his arrest, Ward began to cooperate with the agents and testified to observing Sallis on one occasion with 20 to 30 ounces of crack. Another witness testified that on a particularly lucrative day in April 1997, the conspiracy grossed approximately $100,000.

Given this and considerable additional evidence, a jury who found these men guilty could not reasonably have concluded that they only dabbled in a small amount of crack. Without question, had the issue been put to it, the jury would have found that more than 50 grams of cocaine base was involved. *See United States v. Hill.* For these reasons, we reaffirm our earlier decision in this case. The sentences are AFFIRMED.