IN THE CASE OF

UNITED STATES, Appellee

v.

Bobby D. BAKER II, Airman Basic
U.S. Air Force, Appellant

No. 01-0064

Crim. App. No.  34069

United States Court of Appeals for the Armed Forces

Argued May 1, 2002

Decided September 30, 2002

SULLIVAN, S.J., delivered the opinion of the Court, in which
GIERKE and EFFRON, JJ. joined.  CRAWFORD, C.J. and BAKER, J.,
each filed a dissenting opinion.


Counsel


For Appellant: Captain Patrick J. Dolan (argued); Lieutenant Colonel Beverly
    B. Knott, Lieutenant Colonel Timothy W. Murphy (on brief); Colonel James
    R. Wise.




For Appellee: Linette I. Romer (argued); Colonel Anthony P. Datillo, Major
    Lance B. Sigmon (on brief).


Military Judge: Mary M. Boone

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

<u>United States v. Baker</u>, No. 01-0064/AF

SULLIVAN, Senior Judge, delivered the opinion of the Court.


Bobby Baker II, an Airman Basic (E-1) in the United States Air Force, was tried by a general court-martial composed of officer and enlisted members in January 2000, at the Royal Air Force Base (RAF), Mildenhall, United Kingdom.  After entering mixed pleas and a trial on the merits, he was found guilty of two specifications of failing to obey the order of a superior officer, larceny from the base exchange, sodomy, and committing indecent acts with a female under the age of 16, in violation of Articles 92, 121, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 892, 921, 925 and 934.  The members sentenced appellant to a bad-conduct discharge, confinement for 105 days, and forfeiture of all pay and allowances.  On April 19, 2000, the convening authority approved the sentence and, on August 28, 2000, the Air Force Court of Criminal Appeals summarily affirmed the findings of guilty and sentence in an unpublished opinion.


We initially granted appellant's petition for review to determine whether the evidence was legally sufficient to sustain one of the findings of guilty (<u>i.e.</u>, committing indecent acts with a female under the age of 16).  After hearing argument on this issue, this Court specified and heard additional oral argument on the following issue:

<u>United States v. Baker</u>, No. 01-0064/AF

> WHETHER PLAIN ERROR OCCURRED WHERE THE
> MILITARY JUDGE FAILED TO GIVE TAILORED
> INSTRUCTIONS TO THE MEMBERS ON HOW TO
> DETERMINE CONDUCT WAS INDECENT WHEN
> REQUESTED BY THOSE MEMBERS.

We now hold that the military judge committed plain error when she failed to provide adequately tailored instructions on the issue of indecency after a court-martial member asked for such instructions.  Accordingly, we set aside appellant's conviction for committing indecent acts with a female under the age of 16.  See <u>United States v. Strode</u>, 43 MJ 29 (1995); and <u>Pierson v. State</u>, 956 P.2d 1119 (Wyo. 1998); <u>see</u> <u>generally</u> <u>United States v. Eckoff</u>, 27 MJ 142, 145 (1988).

Specifically, in a session pursuant to Article 39(a), UCMJ, 10 USC § 839(a), and after deliberations began, a member asked a specific question about indecent acts: ". . . Should we or should we not consider '. . . [appellant's] age, education, experience, prior contact with . . .' or proximity of age to 17 years 364 days when determining whether the acts with [KAS] were indecent per requirement (3)- 'that the acts of [appellant] were indecent."  The judge answered this question with the general instruction that "when you're dealing with the other offense [the indecent acts charge at issue], we don't specifically talk about that.  But my instruction to you is [that] you should

2

consider all the evidence you have, and you've heard on the issue of what's indecent." (R. 482-83)

In our view, this general instruction was clearly inadequate guidance for the members to decide the issue of the indecency of appellant's conduct. See Strode, supra, and Pierson, supra.

## FACTS

Evidence in the record shows that Bobby Baker was born in the United Kingdom in January 1981. An American citizen, he enlisted in the Air Force in December 1998. After recruit training and service schools, he arrived at RAF Mildenhall, United Kingdom, and was assigned duties in Military Personnel Flight (MPF) in April 1999. (R. 343) He became friendly with a number of the younger dependents on the base. Among those dependents was "KAS," a 15-year-old girl who worked as a summer hire in MPF. (R. 248-249)

Appellant, then 18 years old, and KAS, began dating during the summer of 1999. (R. 249, 252) Appellant was aware that she was only 15 years old because her brother so informed him. (R. 264-265). The relationship between them quickly became

physical (R. 250).  KAS testified that while they were dating, appellant touched her breasts and kissed them.  (R. 250-251)  He also gave her hickies on her stomach, upper chest, and back. (R. 250)

There was no evidence that any activity, beyond mere hugging and kissing, took place in public.  Furthermore, KAS testified that appellant did not force this activity upon her, and that she did not find the activity offensive because it comported with her ideas of normal activities within a boyfriend/girlfriend dating relationship.  (R. 254, 256)

During his argument on findings, the assistant trial counsel made several references to the difference between appellant's and KAS' age.  For instance, in his closing argument on findings, the assistant trial counsel made the following assertion:

> Now the final element is with [KAS].  Now, there are a lot of definitions here, but a lot of them are the same as one of the previous charges.[1]    However, one thing you have to notice, is the definition of "a child."  It's someone under the age of 16.  Now you heard [KAS] testify that [appellant] kissed her breasts.  And a couple of times, when they were dating, he touched her breasts with his hands. Now, this involved him touching them under her shirt and bra.  Now, what does [appellant] say?

---

[1] Appellant was also charged with committing an indecent assault on a second female.  He was found not guilty of this offense.

He says the same thing again. He says, "I did put several hickies on [KAS's] upper chest, not her breasts," -- again Agent Kieffer's addition there -- "and I put them on her stomach and her back." And you heard testimony that hickies were all over her back. So he touched her breasts and he kissed and sucked her skin with his mouth.

Now, one potential warning here. These two are, as the elements show, close in age. He was 18 and she was 15. Now, first of all, do you see anything in the elements that would show that it matters that these two are close in age? No, because there isn't anything like that. All the crime requires is that the recipient of the indecent act be under the age of 16, and in this case [KAS] was 15.

Now, when a person is under 16, it means that they can't consent for themselves. So don't be deceived by the fact that [KAS] let him do these things in some kind of a boyfriend-girlfriend relationship. Consent is not an element. It's irrelevant. He groped her naked breasts with his hands. He kissed her naked body. She's under 16, that's indecent acts with a child, no matter how you look at it. (R. 434-435)

Later, in rebuttal, the assistant trial counsel contended:

Now, if you look at the elements and you see [that] they're all clearly met. Now, how can you say not groping someone's breasts under their bra is an indecent act with the intent to gratify his lust. That's laughable to think he would do this and touch her breasts without attempting to gratify his lust. And let's take a look at this definition that [defense] counsel harped on. "Indecent acts" signify [sic] that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety - and here's the rest of the definition - but tends to excite lust and deprave morals with respect to sexual relations. Can an-18 year old [sic] on a 15-

5

> year old [sic] - <u>that 15-year old is considered
> a child</u>.  That 15-year old [sic] is an Air Force
> dependent.  <u>It's obvious - an inference from the
> facts, is that he did it to excite his lust and
> that, no matter how you look at it, is indecent
> acts with a child.  You're obligated to follow
> the law and the facts, as the judge has
> instructed you, and that's what the facts show.</u>
> (R. 453-454).

Responding to this argument, the defense counsel urged the members to consider the relative ages of appellant and KAS and not find the sexual contact between them to be indecent <u>per se</u>. (<u>See</u> R. 440, 441, 442)

In her instruction on this offense, the military judge provided the members with the elements as set forth in the Military Judges' Benchbook.  Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)("Benchbook").  (R.421)  She then defined conduct prejudicial to good order and discipline and service discrediting, also using the definitions from the Benchbook. Finally, she defined indecency in the following language from the Benchbook:

> Indecent acts signify that form of immorality
> relating to sexual impurity which is not only
> grossly vulgar, obscene, and repugnant to common
> propriety, but tends to excite lust and deprave
> the morals with respect to sexual relations.
> (R. 421)

<u>See</u> <u>id</u>. at 3-87-1d.

During their deliberations, a member sent the military judge a question with regard to the definition of "indecent." In particular, the member asked the following question with regard to the specification alleging an indecent act with KAS:

> For charge UCMJ 125 Specification 1 - In the instructions, bottom of page 4 it says "You should consider the accused's . . ..

However in Charge UCMJ 134 Specification 2 it never says to (or not to!) consider "[appellant's] age, education, . . ." as in Charge 125, Specification 1. <u>Should we or should we not consider " . . . accused's age, education experience, prior contact with . . . " or proximity of age to 17 years 364 days when determining whether the acts with [KAS] were indecent per requirement (3) – "that the acts of [appellant] were indecent</u>.["]

However, the military judge gave a rambling and confusing view of the member's question and then gave a one sentence instruction:

> The first [member question] has to do with the UCMJ 125 -- that's the forcible sodomy. It ties to that in terms of the question had to do with the instruction on the bottom of page 4, which basically reads: "You should also consider the accused's age, education, experience, prior contact with [CAB],[2] the nature of any conversations between [appellant] and [CAB], along with the other evidence on this issue." Then the question goes on about in the Charge under the UCMJ 134, Specification 2, which is the indecent acts with a child, which has to do with [KAS], whether you consider [appellant's] age education, experience, prior contact with her, or proximity of age in determining whether the acts were indecent, as required by the third element [of the offense].

---

[2] The alleged victim of the charged forcible sodomy offense.

> Specifically why we outline this on page 4 is,
> that is specifically addressed and applies to
> the issue of mistake of fact, that whether the
> accused was mistakenly, honestly, and reasonable
> -- his belief that there was consent to the
> sodomy -- forcible sodomy.  So we outline --
> these are the circumstances you ought to
> consider in weighing that -- the prior contact
> and all those things.
>
> Now when you're dealing with [indecent acts],
> we don't specifically talk about that.  But my
> instruction to you is you should consider all
> the evidence you have, and you've heard on the
> issue of what's indecent.

(R. 482-483)

The members then departed once more to deliberate.  Less than 30 minutes later they returned a guilty finding to, inter alia, committing indecent acts on KAS, a female under the age of 16.


The Adequacy of the Judge's Instruction


Our concern in this case is whether the military judge appropriately instructed the members of appellant's court-martial on the charge of indecent acts with a person under the age of 16.  See Article 51(c), UCMJ, 10 USC § 851(c) and R.C.M. 920(a), Manual for Courts-Martial, United States (2000 ed.).[3] Appropriate instructions means those instructions necessary for

---

[3] All Manual provisions cited are identical to those in effect at the time of appellant's court-martial.

8

the members to arrive at an intelligent decision concerning appellant's guilt.  See United States v. McGee, 1 MJ 193, 194 (CMA 1975); United States v. Gaiter, 1 MJ 54, 56 (CMA 1975); United States v. Graves, 1 MJ 50, 53 (CMA 1975).  An intelligent or rational decision on a person's guilt requires consideration of the elements of a charged offense, the evidence pertaining to those elements, and applicable principles of law necessary to decide the case.  See United States v. Smith, 50 MJ 451, 455 (1999); United States v. Rowe, 11 MJ 11, 14 (CMA 1981).  In the military justice system, it is the military judge who is required to tailor the instructions to the particular facts and issues in a case.  See United States v. Jackson, 6 MJ 261, 263 n.5 (CMA 1979); United States v. Groce, 3 MJ 369, 370-71 (CMA 1977).

In this light, we initially note that indecent acts with a person under the age of 16 is not specifically proscribed as one of the enumerated offenses in Articles 77 through 133, UCMJ, 10 USC §§ 877-993.  The Code expressly prohibits sexual intercourse between a military person and a person under the age of 16.  See Article 120(b), UCMJ, 10 USC § 920(b).  Consent is not an element of this offense, and only the act of intercourse need be proven in addition to the age of the victim and her marital status.  See para. 45b(2), Part IV, Manual, supra.  The Uniform

Code also prohibits sodomy regardless of the age and marital status of the participants.  Article 125, UCMJ, 10 USC § 925. Again, consent is not an element of the offense, although the President has made it a sentence enhancement factor.  See para. 51e, Part IV, Manual, supra.  Otherwise, the Uniform Code of Military Justice does not expressly address sexual activity between a service person and a person under 16 years old.

Military law, however, has recognized that the offense of "indecent acts or liberties with a child" may be prosecuted at court-martial as a service discredit, or disorder, under Article 134, UCMJ, 10 USC § 934.  See para. 87, Part IV, Manual, supra. This Court long ago in United States v. Brown, 3 USCMA 454, 13 CMR 10 (1953) recognized this offense as being modeled on District of Columbia Code Ann. 22 § 3501 (1948).[4]  We said:

> The evident purpose of this type of
> legislation is to protect children under a
> certain age from those acts which have a
> tendency to corrupt their morals, and if the
> many variations in which it is possible to
> take indecent liberties with a child are
> restricted to those founded on an assault or
> battery, then many debasing acts which are
> detrimental to the morals of a minor are not
> proscribed.
>
> ....

---

[4] To understand the evolution of D.C. Code Ann. 22 §3501 (1948), see In Re E.F., 740 A.2d 547, 550 (D.C. 1999) and Allison v. United States, 409 F.2d 445, 451 (D.C. Cir. 1969).

10

> The necessity for the law was to throw a
> cloak of protection around minors and to
> discourage sexual deviates from performing
> with, or before them.  Assuredly, our
> interpretation is not inconsistent with that
> need.  The remedy for the evil, if any, is
> to provide substantial punishment for those
> who perform indecent and immoral acts which
> cause shame, embarrassment, and humiliation
> to children, or lead them further down the
> road to delinquency.

Brown, 3 USCMA at 457, 461, 13 CMR at 13, 17.  Cf. United States v. Knowles, 15 USCMA 404, 405, 35 CMR 376, 377 (1965) (holding military offense of indecent acts with a child must be done in presence of victim).

Paragraph 87b(1), Part IV, Manual, supra, delineates the elements of this offense with respect to physical contact between a service person and a person under 16 years old.  These elements are

> b. Elements.
>   (1) Physical contact.
>     (a)  That the accused committed a
>          cetain act upon or with the body
>          of a certain person;
>     (b)  That the person was under 16 years
>          of age and not the spouse of the
>          accused;
>     (c)  That the act of the accused was
>          indecent;
>     (d)  That the accused committed the act
>          with intent to arouse, appeal to,
>          or gratify the lust, passions, or
>          sexual desires of the accused, the
>          victim, or both; and

> (e) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Id. (emphasis added).

The President has further explained that "[l]ack of consent by the child to the act or conduct is not essential to this offense; consent is not a defense." Paragraph 87c(1), Part IV, Manual, supra.

The specified issue in this case asks whether the military judge plainly erred by failing to give tailored instructions to the members regarding how to determine whether appellant's conduct was indecent for purposes of the charged offense. We note in this case that, before the members started deliberating, the military judge gave the standard Benchbook instruction on the elements of the offense of indecent acts with a child. Benchbook, supra at 3-87-2. (R.420) Moreover, at this time, she also gave the standard Benchbook instruction on the meaning of indecency for the purposes of this offense. However, after a member had requested particular instructions on the impact of age and related matters on the issue of indecency, she merely stated "you should consider all the evidence you have, and you've heard on the issue of what's indecent." (R.482-483) As

noted below, this instruction was clearly insufficient to permit the members to intelligently decide this unusual case.  Cf. United States v. Tindoll, 16 USCMA 194, 195-96, 36 CMR 350, 351-52 (1966)(holding indecency instructions sufficient to determine indecent acts with a child).  This is especially true in light of this Court's recent case law addressing the impact of age on the charged crime of indecent acts with a child.  See Strode, supra.

The evidence in the record of trial, coupled with the assistant trial counsel's arguments, raised several critical questions of law concerning appellant's guilt of the military offense of indecent acts with a child.  First, must his sexual conduct with KAS be considered per se indecent because she was a person under the age of 16?  Second, must his sexual conduct with KAS be considered per se indecent because she purportedly had not reached the legal age of consent for such conduct?  Third, assuming appellant's sexual conduct with 15 year old KAS was not per se indecent on either of the above grounds, can evidence of factual consent on the part of the KAS be considered in determining the indecency of appellant's conduct?

This Court has never held that all sexual conduct between a service person and a person under the age of 16 is per se

13

United States v. Baker, No. 01-0064/AF

indecent and therefore a crime.[5] Federal civilian criminal law does not prohibit all sexual acts with a person under the age of 16. See 18 USC §§ 2241-2248 (2002). Moreover, in Strode, 43 MJ at 32-33, this Court held that a 22-year-old airman's guilty plea to indecent acts with a 13-year-old girl was improvident because he asserted that he thought she was at least 16 years old. Id. In so holding, this Court observed that "age is relevant to prove the elements that the act was indecent and service-discrediting." Id. at 32. However, this Court made it clear that there is no per se rule. This Court held, "there is no magic line of demarcation between decent acts and indecent acts based precisely on the age of the sex partner." Id. Here, assistant trial counsel suggested to the members a per se rule contrary to the Strode case, and the military judge failed to expressly repudiate it. Cf. United States v. Vasquez, 48 MJ 426, 430 (1998).

This Court also has never held that all sexual conduct between a service person and a person under the age of 16 is indecent because the alleged victim is legally incapable of consenting to sexual acts. See also 18 USC §§ 2242 (2002); cf. Article 120(b), UCMJ. The law of consent varies depending on

---

[5] We have held that the solicitation of illicit sexual activity between a stepfather and his 15 year old stepdaughter was indecent language. See United States v. French, 31 MJ 57, 60 (CMA 1990).

14

the nature of the sexual act and the jurisdiction in which it was committed. See generally Richard A. Posner and Katharine B. Silbaugh, A Guide to American Sex Laws 44-64 (1996). Moreover, the consensual sexual acts alleged in this case (touching the breasts and kissing the body of KAS), would not be criminal under federal civilian law because the alleged victim was over the age of 12 and was less than four years younger than appellant. See 18 USC §§ 2244, 2243(a), 2246(3)(2002). See generally United States v. Pullen 41 MJ 886, 888 (A.F. Ct. Crim. App. 1995). Again, we note that in appellant's case, the military judge did not correct either the assistant trial counsel's misstatement of the law of consent which was unsupported by any evidence in the record. See Vasquez, supra.

Finally, this Court has never held that the factual consent of the alleged victim was irrelevant to determining whether a service person is guilty of indecent acts with a child. No legal support whatsoever was provided by assistant trial counsel for such a broad assertion. On appeal, government appellate counsel summarily relies on paragraph 87(c), Part IV, Manual, supra, for this principle of law. However, this Manual provision states only that the Government is not required to prove the lack of consent of the child to secure a conviction of this offense and the defense cannot rely on the consent of the

15

alleged victim as a defense. It is silent as to whether the factual consent of the victim may be considered on the issue of indecency. Our case law, however, unequivocally holds that all the facts and circumstances of a case including the alleged victim's consent, must be considered on the indecency question. See Strode, supra; see also United States v. Graham, 56 MJ 266, 267 (2002)(delineating certain circumstances including the alleged victim's consent as showing that sexual conduct with person under the age of 16 might not be indecent). In addition, persuasive state court authority holds that factual consent is relevant to the issue of indecency. See Pierson, 956 P.2d at 1125-26.

In sum, the military judge in this case should have fully instructed the members in accordance with Strode, supra. First, she should have corrected the assistant trial counsel's misstatement of the law, and clearly instructed them that the charged sexual acts could not be found indecent solely on the basis that the alleged victim was under the age of 16. Second, she should have directed the members to disregard the assistant trial counsel's unsupported statements on the law of consent. Finally, the trial judge should have answered the member's question with a tailored instruction. She should have expressly instructed the members that appellant's youthful age, the

16

proximity in age between appellant and KAS, their prior relationship, and the alleged victim's factual consent were circumstances that could be considered in deciding whether the charged acts were indecent. Absent the specifics noted above, the broad, unfocused, instruction to the members to consider "all the evidence you have, and you've heard on the issue of what's indecent" simply did not comply with our case law. See Strode, supra.

Furthermore, we are not convinced that the misstatements of law by the assistant trial counsel were corrected by the standard instructions given by the trial judge. See generally Tindoll, supra. Standard instructions were approved in Tindoll, but that was a case where the age of the service person, who was found guilty of indecent acts with a child for kissing a female under the age of 16, was not discussed. In addition, Tindoll, relied heavily on United States v. Annal, 13 USCMA 427, 32 CMR 427 (1963), a case addressing indecent acts by a 34-year-old officer. In any event, Tindoll did not hold that the standard instructions were sufficient in a case where the Government effectively asserted that the appellant's conduct was indecent as a matter of law.

Finally, turning to the question of prejudice, we are convinced that the military judge's failure to completely instruct the members materially prejudiced appellant. See United States v. Eckoff, 27 MJ 142, 145 (CMA 1988). The evidence in this case supporting the defense argument against indecency was undisputed; all parties agreed that the alleged acts of touching KAS's breasts and kissing her naked back done in private, were consensual in nature, and done in the context of a boyfriend/girlfriend relationship between a 15-year-old girl an 18-year-old boy. Second, the assistant trial counsel's repeated "no matter how you look at it" arguments, directly and unfairly undermined appellant's core defense that the circumstances of his case did not make his acts indecent. Third, the member's question after the panel had departed for deliberations clearly signaled some confusion within the panel as to how precisely to decide the indecency question. Finally, the military judge's additional instruction failed to particularly provide the members the tailored, definitive guidance needed to decide this critical element of the charged offense in this case. See Pierson, 956 P.2d at 1128.[6]

---

[6] We do not hold that consensual petting between a service person of 18 years and his girlfriend of 15 years is conduct outside the scope of the military offense of indecent acts with a child. See People v. Plewka, 327 N.E.2d 457, 460-61 (Ill. App. Ct. 1975); cf. People v. Mullen, 399 N.E.2d 639, 646-47 (Ill. App. Ct. 1980); Matter of Pima County Juvenile Appeal No. 74802-2, 790 P.2d 723, 731-32 (Ariz. 1990); Sorenson v. State, 604 P.2d 1031, 1033-35 (Wyo. 1979). We hold only that, as a matter of military law, it is a

    The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 2 of Charge I and the sentence.  The findings of guilty to that charge and specification and the sentence are set aside.  In all other respects the decision below is affirmed.  The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals, which may order a rehearing or it may dismiss the affected specification and reassess the sentence based on the remaining findings of guilty.

---

question for the members under proper instructions.  See Pierson v. State, 956 P.2d 1119 (Wyo. 1998).

United States v. Baker, No. 01-0064/AF

CRAWFORD, Chief Judge (dissenting):

If there was error in this case, it was not plain error. The test for plain error is set forth in United States v. Olano, 507 U.S. 725 (1993), as modified and clarified in Johnson v. United States, 520 U.S. 461 (1997):

> [B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public perception of judicial proceedings.

Johnson, 520 U.S. at 466-67 (internal quotations and citation omitted).  See United States v. Kho, 54 MJ 63, 65 (2000) (Crawford, C.J., concurring in the result).  Inextricably intertwined with this four-prong test is the Supreme Court's admonition in United States v. Young, 470 U.S. 1, 16 (1985), that "when addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against the entire record."

"Error" is best defined as a "'deviation from a legal rule ... unless the rule has been waived,' and waiver is defined as the 'intentional relinquishment or abandonment of a known right.'"  United States v. Carter, 236 F.3d 777, 783 (6th Cir. 2001)(quoting Olano, 507 U.S. at 733; Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

United States v. Baker, No. 01-0064/AF

An error is "plain" when it is "obvious" or "clear under current law." Olano, 507 U.S. at 734. An error may be said to be "plain" when the settled law of the Supreme Court or this Court manifests that an error has taken place. See United States v. Promise, 255 F.3d 150, 160 (4th Cir. 2001)(en banc). "Put another way, an error is 'plain' if it is 'so egregious and obvious' that a trial judge and prosecutor would be 'derelict' in permitting it in a trial held today." United States v. Thomas, 274 F.3d 655, 667 (2d Cir. 2001)(citing United States v. Gore, 154 F.3d 34, 43 (2d Cir. 1998)). Although the error may not have been "plain" at the time of the court-martial proceeding, it is sufficient if the error becomes "plain" at the time of appellate consideration. See Johnson, 520 U.S. at 468.

The third prong of the Olano test asks whether any obvious error affected appellant's substantial rights. An error that affects substantial rights is one that is materially prejudicial. See United States v. Chapa, 57 MJ 140 (2002); see also Olano, 507 U.S. at 734; Promise, 255 F.3d at 160; United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998). In short, a materially prejudicial error is one that affected the outcome or judgment of the court-martial proceeding. See Johnson, 520 U.S. at 467; United States v. Jackson, 236 F.3d 886 (7th Cir. 2001); United States v. Perez-Montanez, 202 F.3d 434, 442 (1st Cir. 2000). We test an error for material prejudice

2

similar to the way we and other courts employ a harmless error analysis: would a rational fact-finder have rendered a finding of guilty absent the error?  See United States v. Candelario, 240 F.3d 1300, 1307 (11th Cir. 2001).  Appellant has the burden of demonstrating that the first three prongs exist.  See Kho, supra; see also Perez-Montanez, 202 F.3d at 442.

When, and only when, appellant demonstrates that the first three elements of the plain error analysis exist, an appellate court has the discretion to remedy the plain error, "but only in cases where the error 'seriously affects the fairness, integrity or public perception of judicial proceedings.'"  United States v. Castillo-Casiano, 198 F.3d 787, 790 (9th Cir. 1999)(quoting Johnson, 520 U.S. at 469-70).  A finding of plain error permits reversal; "even the clearest of blunders never requires reversal."  United States v. Patterson, 241 F.3d 912, 913 (7th Cir. 2001); United States v. Cotton, 261 F.3d 397, 414 (4th Cir. 2001)(Wilkinson, C.J., concurring in part and dissenting in part).  In short, an appellate court does not notice or remedy plain error unless and until that error results in a miscarriage of justice that seriously affects the fairness, integrity, and public perception of the proceedings.  See United States v. Rios-Quintero, 204 F.3d 214, 215 (5th Cir. 2000); see also United States v. Johnson, 219 F.3d 349, 353 (4th Cir. 2000).

In weighing this fourth prong, we are required to look at both the quality and quantity of evidence as well as to determine whether appellant was "sandbagging" the Government by forgoing a timely objection that, if unsuccessful, might result in a different standard of review. "[T]he Supreme Court has time and again emphasized that preventing sandbagging is critically important in determining whether to notice plain error." Promise, 255 F.3d at 194 (citing Johnson, 520 U.S. at 466; United States v. Young, 470 U.S. 1, 15, 16 n.13 (1985); United States v. Frady, 456 U.S. 152, 163 (1982); United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 238-39 (1940))(Motz, J., concurring in part and dissenting in part and dissenting in the judgment).

During the course of deliberations, the court members returned to the courtroom with several questions. One of these questions, comprised of two parts, related to an instruction which the members had received concerning the charge and specification alleging forcible sodomy with CB. Initially, the military judge had instructed the members that if appellant had an honest and mistaken belief that CB consented to the act of sodomy, he was not guilty of forcible sodomy, provided appellant's belief was reasonable. In determining whether or not appellant was reasonably mistaken about CB's consent, the military judge instructed: "You should also consider the

4

accused's age, education, experience, prior contact with [CB],

the nature of any conversations between the accused and [CB]

along with the other evidence on this issue."  This instruction

was not only given without objection,[1] but also was proper in

light of the contest over whether or not CB consented to

appellant's sexual conduct.

The second part of the members' question was whether or not

the members, as fact-finders, were also to consider appellant's

age, education, experience, and prior conduct with KAS (to

include the nature of any conversations between appellant and

KAS), along with the other evidence (e.g., the proximity of

their ages) in determining whether or not appellant's conduct

with KAS was "indecent."

After discussing a proposed answer with counsel in a

session pursuant to Article 39(a), Uniform Code of Military

Justice (UCMJ), 10 USC § 839(a), receiving no objection, and

reconvening the court with the members present, the military

judge responded to the members' questions:

> The first one has to do with UCMJ 125 --
> that's the forcible sodomy.  It ties to that in
> terms of the question had to do with the
> instruction at the bottom of page 4, which
> basically reads:  "You should also consider the
> accused's age, education, experience, prior
> contact with [CB], the nature of any conversation
> between the accused and [CB], along with the other

---

[1] See R.C.M. 920(f), Manual for Courts-Martial, United States (2000 ed.) (failure of counsel to object to instructions constitutes waiver absent plain error).

evidence on this issue."  Then the question goes on about in the Charge under the UCMJ 134, Specification 2, which is the indecent acts with a child, which has to do with [KAS], whether you consider the accused's age, education, experience, prior contact with her, or proximity of age in determining whether the acts were indecent, as required by the third element.

Specifically why we outline this on page 4 [of the written instructions furnished to the members] is, that is specifically addressed and applies to the issue of mistake of fact, that whether the accused was mistakenly, honestly, and reasonable -- his belief was that there was consent as to the sodomy -- forcible sodomy.  So we outline -- these are the circumstances you ought to consider in weighing that -- the prior contact and all those things.

Now, when you're dealing with the other offense, we don't specifically talk about that.  But my instruction to you is you should consider all the evidence you have, and you've heard on the issue of what's indecent.

And then I think that ties into the second question, which is Appellate Exhibit XIII, which says: "What definition, whether there is this gross vulgar, obscene with respect to sexual relations, do we use?" And it sort of lists some.  Well, when you're looking at indecency, you should apply the larger Air Force community.  What does this Air Force community -- and you reflect the Air Force community and so it's your analysis of what you, as a community and what the Air Force community considers to be obscene, grossly vulgar.  So, that's the standard you should apply. Okay?

The military judge properly instructed that when determining the indecency of a particular act, the members were to apply it to the larger Air Force community standard.  See United States v. Hullett, 40 MJ 189, 191 (CMA 1994).  She also informed the members that when determining whether appellant's

6

conduct with KAS was "indecent," they were to "consider all the evidence you have." Accordingly, the members, who are presumed to follow the judge's instructions, took into account appellant's age, his background, and his relationship with KAS when determining whether or not the conduct was indecent.

If the military judge erred, she erred to the benefit of appellant. In effect, the military judge told the members that they were not only to apply the Manual for Courts-Martial definition of indecent in the context of an Air Force worldwide community, but that they also had to give appellant the benefit of the honest and reasonable mistake of fact instruction (which was not applicable to the offense of indecent acts). Not surprisingly, defense counsel had no objection to the windfall. Accordingly, if there was any error in the military judge's instruction, that error inured to appellant's benefit. The majority appears to implicitly agree with this assessment by now "discovering" error in the assistant trial counsel's closing argument (given without objection) in order to bootstrap an apparently result-oriented conclusion, while not straying too far afield from the plain error issue specified and argued.

The standard of review for argument by counsel is whether the argument, or statements contained therein, are erroneous, and if so, whether they materially prejudice the substantial rights of appellant. See Art. 59(a), UCMJ, 10 USC § 859(a);

United States v. Baer, 53 MJ 235 (2000).  Failure to make a timely objection to matters contained in counsel's argument constitutes waiver in the absence of plain error.  See United States v. Ramos, 42 MJ 392, 397 (1995).  There can be no plain error arising from assistant trial counsel's argument, if the term "plain error" is properly defined.  In this regard, the sagacious words of Senior Judge Cox in Baer, supra at 238, remain instructive:

> However, as a threshold matter, the argument by a trial counsel must be viewed within the context of the entire court-martial.  The focus of our inquiry should not be on words in isolation, but on the argument as "viewed in context."  United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); see also Dunlop v. United States, 165 U.S. 486, 498, 17 S.Ct. 375, 41 L.Ed. 799 (1897)("If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation.").  In this regard, we agree with the Government's position that it is improper to "surgically carve" out a portion of the argument with no regard to its context.  As Justice Frankfurter once commented, "In reviewing criminal cases, it is particularly important for appellate courts to re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure.  To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution."  Johnson v. United States, 318 U.S. 189, 202, 63 S.Ct. 549, 87 L.Ed. 704 (1943)(Frankfurter, J., concurring).

United States v. Baker, No. 01-0064/AF

I also find that the evidence is legally sufficient to support appellant's conviction for indecent acts. Case law from this Court is abundantly clear -- indecency (be it an act or language) is case and fact specific. The majority agrees. ___ MJ at (14). "Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the [UCMJ]." United States v. Holland, 12 USCMA 444, 445, 31 CMR 30, 31 (1961). See United States v. Sever, 39 MJ 1 (CMA 1994)(whether kissing a child constitutes indecent assault depends upon surrounding circumstances); United States v. Cottrill, 45 MJ 485 (1997)(penetrating three-and-a-half-year-old daughter's vagina while giving her a bath constituted an indecent act); United States v. French, 31 MJ 57 (CMA 1990)(asking step-daughter under the age of 16 for permission to climb into bed with her communicated indecent language). It is the fact-finders who heard the evidence and placed appellant's actions with KAS in context.

Furthermore, age of the "child" is important and certainly element dispositive[2] when judging the legal sufficiency of an

---

[2] The elements for indecent acts with a child where physical contact is involved are: (a) that the accused committed a certain act upon or with the body of a certain person; (b) that the person was under 16 years of age and not the spouse of the accused; (c) that the act of the accused was indecent; (d) that the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and (e) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a

9

offense involving indecent acts with a child.  See United States
v. Tindoll, 16 USCMA 194, 36 CMR 350 (1966); French, supra.
Potential maximum confinement increases with a conviction for
indecent acts when committed on a person under 16 years of age.
Accordingly, it is necessary to focus on the (1) character of
the conduct; (2) the age of the participants; and (3) the
surrounding circumstances.  See United States v. Strode, 43 MJ
29 (1995); United States v. Stocks, 35 MJ 366 (CMA 1992).

The facts clearly show appellant, albeit young and
immature, got caught when three females with whom he was having
relations short of sexual intercourse reported his conduct to
proper authorities.  Secondly, as Charge II and its
specifications reveal, appellant was ordered by a lieutenant
colonel on August 3, 1999, to have no contact with KAS, as well
as to stay out of the Bob Hope Community Center (where he met
high school girls).  He disobeyed both orders.  The evidence
shows that most of the intimate contact between KAS and
appellant took place in August.  Consequently, we can infer that
when the indecent acts occurred, appellant had already been
ordered to stay away from KAS.  Clearly, the fact-finders could

---

nature to bring discredit upon the armed forces.  Para. 87, Part IV, Manual,
supra.  Accordingly, once KAS's age was established as 15, her consent or
lack thereof to appellant's sexual activity during dating was no longer at
issue.  A 15-year-old cannot legally consent to conduct which otherwise meets
the definition of indecent.

consider this in determining whether or not appellant's conduct with KAS was service discrediting.

As Strode, supra, and Stocks, supra, teach: "sexual acts may be made the basis for an indecent-acts offense if the resulting conduct is service-discrediting or if the acts constitute foreplay to the ultimate criminal sexual acts of sodomy or carnal knowledge." Strode, 43 MJ at 32. Had appellant's foreplay with KAS, whom appellant knew to be 15 years of age, led to actual sexual intercourse, he would have been guilty of carnal knowledge. The evidence also reflects that KAS and appellant discussed sexual intercourse, but KAS told him "no." Accordingly, a rational fact-finder could determine that appellant's conduct with KAS was indecent, accomplished to satisfy his sexual desires, and was service discrediting under the facts of this case.

Even if one were able to agree with the majority's analysis that the judge's instructions were "not sufficient to permit the members to intelligently decide this unusual case," ___ MJ at (12), there could not possibly be "plain error" as the Supreme Court, this Court, and other federal circuit courts have defined that term. Accordingly, I would affirm the United States Air Force Court of Criminal Appeals.

11

BAKER, Judge (dissenting):

Military service is a line of departure to adulthood. After taking the service oath, a young man or woman is no longer judged by the standards of an adolescent teenager, but rather as an adult by, among other things, the standards contained in the Uniform Code of Military Justice (UCMJ). Changes in maturity, discipline, and values may be less immediate.

At the time of his consensual sexual conduct with KAS, appellant was an adult. KAS was a fifteen-year-old child. Whether appellant's conduct was indecent was, on these facts, a contextual judgment for the trier of fact to make based on all the facts. See United States v. Wilson, 13 MJ 247, 250 (CMA 1982); United States v. Arviso, 32 MJ 616, 619 (ACMR 1991). There is no indication the members did otherwise, or that the military judge instructed them to do otherwise. A member asked: "Should we or should we not consider '... [apppellant's] age, education, experience, prior contact with ...' or proximity in age to 17 years 364 days when determining whether the acts with [KAS] were indecent ...[?]" The military judge responded in the affirmative, with a succinct and accurate response: "[M]y instruction to you is that you should consider all the evidence you have, and you've heard on the issue of what's indecent." She neither over-instructed, nor under-instructed, properly leaving evaluation of the facts to the trier of fact. Too much

emphasis on any particular fact might have prejudiced appellant. Too much emphasis on an <u>unasked</u> legal question, may have steered members down the wrong channel, or onto the rocks and shoals of the case law identified in the lead opinion. <u>See</u> <u>United States v. Bellamy</u>, 15 USCMA 617, 620, 36 CMR 115, 118 (1966); <u>United States v. Harris</u>, 6 USCMA 736, 744, 21 CMR 58, 66 (1956); <u>United States v. Speer</u>, 2 MJ 1244, 1249 (AFCMR 1976)("[T]hough an accused is entitled to have instructions presented relating to any defense theory for which there is evidentiary support, neither he, nor for that matter the Government, is entitled to have particular favorable facts singled out and given undue emphasis. ... If trial judges were required to give instructions designed to highlight each individual evidentiary factor presented in favor of the parties, 'instructions would become a mixture of magnifications.'" (quoting <u>Harris</u>, 6 USCMA at 744, 21 CMR at 66)(citations omitted)).

The majority now concludes that a better instruction was required. That appellate judges, with time and consideration on their side, can identify issues that <u>might have</u> arisen and <u>might have</u> been discussed in an instruction does not equal error, unless, as a matter of law, the military judge in fact erred. <u>See</u> <u>United States v. Ward</u>, 914 F.2d 1340, 1344 (9th Cir. 1990)("The availability of a better instruction is not a ground

2

for reversal").  The majority has not persuaded me otherwise.
Therefore, I respectfully dissent.

*****

At trial, appellant did not object to the instructions
given by the military judge.  "Failure to object to an
instruction or to omission of an instruction before the members
close to deliberate constitutes waiver of the objection in the
absence of plain error."  R.C.M. 920(f), Manual for Courts-
Martial, United States (2000 ed.).  To prevail on a theory of
plain error, appellant has the threshold burden of persuading
this court that (1) there was an error, (2) that it was clear or
obvious under current law, and (3) that it materially prejudiced
a substantial right.  United States v. Finster, 51 MJ 185, 187
(1999); United States v. Powell, 49 MJ 460, 463-64 (1998).  "It
is the rare case in which an improper instruction will justify
reversal of a criminal conviction when no objection has been
made in the trial court."  Henderson v. Kibbe, 431 U.S. 145, 154
(1977)(emphasis added).

The majority manufactures plain error in this case by
coupling trial counsel's argument with the military judge's
answer to a member's question regarding indecency.  As noted
above, but worthy of repetition, the member's question referred
the military judge to her written instructions addressing those
circumstances that should be considered on the offense of

3

forcible sodomy. Then, regarding the offense of indecent acts, the member asked "... [s]hould we or should we not consider '. . . accused's age, education, experience, prior contact with . . .' or proximity in age to 17 years 364 days when determining whether the acts with [KAS] were indecent ... [?]" The military judge responded by explaining that the wording, to which the member had referred, went to the issue of mistake of fact, which might pertain to the charge of forcible sodomy. The military judge then moved to the charge of indecent acts and informed the members that the issue of mistake of fact did not apply. Specifically, she stated,

> [n]ow, when you're dealing with the other offense [the indecent acts], we don't specifically talk about that [mistake of fact]. But my instruction to you is that you should consider all the evidence you have, and you've heard on the issue of what's indecent.

(Emphasis added.)

In essence, she told the members, "Yes, you should consider the accused's age, education, experience, prior contact with KAS, and proximity of age. Consider all the evidence you have."

The majority holds that the military judge "failed to provide adequately tailored instructions on the question of indecency after a court member asked for an instruction on this matter." __ MJ at (2). I disagree.

The majority's argument appears to hinge on an incongruous conclusion that the military judge omitted instructional

4

information that might have been responsive to the member's question.  Specifically, the majority argues the military judge's instruction failed to address:

(1)  whether appellant's sexual conduct with KAS was per se indecent because she was a child, i.e., a person under 16;

(2)  whether his sexual conduct with KAS was per se indecent because she had not reached the legal age of consent for such conduct; and

(3)  assuming appellant's sexual conduct with KAS was not per se indecent on either of the above grounds, whether evidence of factual consent on the part of KAS can be considered in determining the indecency of appellant's conduct.

The majority's analysis concludes that (1) and (2) are not the law, and that as to (3), this Court has never held that consent is irrelevant.  In short, "[o]ur case law ... unequivocally holds that all the facts and circumstances of a case including the alleged victim's consent be considered on the indecency question."  __ MJ at (15) .  If so, I do not see the error in the military judge's instruction to "consider all the evidence you have," which evidence included evidence of factual consent.  Moreover, having answered the member's question, the military judge was not obliged to go further by telling the

5

members what the law was not.  Indeed, had the military judge done so, we would be reviewing this case for plain error because her instruction gratuitously confused the members with unsolicited information on legal concepts that challenge even appellate courts.

The majority also finds fault in the military judge's response to trial counsel's argument.  However, the military judge instructed the members, that argument of counsel are not evidence and that it is the military judge's responsibility to instruct the members on the law.  This instruction expressly admonished the members that they were to accept no other exposition of the law than that coming from the military judge.  Heretofore, this Court has found that such instructions adequately protect members from legal argumentation in closing argument.  See, e.g., United States v. Jenkins, 54 MJ 12, 19 (2000).  Absent extraordinary circumstances, a contrary conclusion would seem to require military judges to go out of their way to comment on the substance of closing arguments.  Members are presumed to have followed the instructions of the military judge until demonstrated otherwise.  United States v. Holt, 33 MJ 400, 408 (CMA 1991).  In addition, appellant failed to object to the argument or request a curative instruction, thereby supporting an inference that if any error was committed it was of small consequence.  See United States v. Grandy, 11 MJ

270, 275 (CMA 1981); see also R.C.M. 919(c) Manual, supra ("Failure to object to improper argument before the military judge begins to instruct the members on findings shall constitute waiver of the objection").

This is a plain error case, yet the majority never defines that term. As a result, it is not clear how the majority arrives at its plain error conclusion. No matter how one defines plain error, a necessary prerequisite is that the underlying error must be clear or obvious under existing law. However, the law cited by the majority does not support its contention that the military judge's guidance was "clearly inadequate" and "clearly was insufficient." __ MJ at (3, 12).

None of the three cited cases rejects the propriety of a military judge instructing the members to consider all the facts and circumstances on the question of indecency. The first cited case, United States v. Strode, 43 MJ 29 (1995), is neither a plain error case nor a case about instructions. Rather, it is a case about the providence of a guilty plea to indecent acts and holds merely that an accused's mistake of fact as to the age of the victim rendered his plea improvident. The second cited case, Pierson v. State, 956 P.2d 1119 (Wyo. 1998),* is neither a

---

* The majority cites to Pierson v. State on five different occasions in its opinion for a variety of propositions. See, e.g., __ MJ at (19_ n.6)("We hold only that, as a matter of military law, it is a question for the members under proper instructions. See Pierson, supra."). This is a state case interpreting state statutes that has little, if any, applicability or

7

military case nor a case involving Article 134, UCMJ, 10 USC § 934 and concerns a judicial interpretation of the interplay of state criminal sexual statutes, which may have little, if any, applicability or precedential value with respect to military law. The third cited case, United States v. Tindoll, 16 USCMA 194, 36 CMR 350 (1966), again is not a plain error case. In addition, that case upheld instructions wherein the military judge provided the members with tailored elements and definitions of the terms indecent and intent, instructions remarkably similar to the ones given in this case. "To have amplified thereon," this Court concluded, "would have been redundant – in essence, a restatement of the elements and the definition of intent." Tindoll, 16 USCMA at 196, 36 CMR at 352. In any event, the opinion of the majority readily concedes that our case law "unequivocally holds that all the facts and circumstances of a case including the alleged victim's consent be considered on the indecency question." __ MJ at (16). That is precisely what the military judge told the members to consider. Thus, clear or obvious error is illogical.

Appellate courts examine instructions "as a whole to determine if the judge balanced the instructions, correctly informed the jurors of the governing law, imbued the jurors with

---

precedential value with respect to military law, especially in the area of the general article.

an appropriate sense of responsibility, and avoided undue prejudice."  United States v. Arcadipane, 41 F.3d 1, 9 (1st Cir. 1994).  In this case, the military judge struck the proper balance, leaving for the trier of fact and not this court the question of whether appellant's conduct was indecent.